# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **CARRINGTON MORTGAGE SERVICES, LLC,** *Plaintiff,* | § § § § § § § § § § § § § § | |
| **v.** | | **MO:25-CV-00132-DC** |
| **AARON FLOTTE ACOSTA, SECRETARY OF HOUSING AND URBAN DEVELOPMENT,** *et al.,* *Defendants.* | | |

## <u>ORDER</u>

Before the Court is United States Magistrate Judge Ronald C. Griffin's Report and Recommendation (Doc. 23) concerning Plaintiff Carrington Mortgage Services LLC's Motion for Default Judgment (Doc. 15). Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, the Magistrate Judge filed his report and recommendation on May 5, 2026.

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy and, in doing so, secure *de novo* review by the district court. When no objections are timely filed, a district court reviews the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Because no objections were filed, the Court reviews for clear error.

Finding none, the Court **ADOPTS** the report and recommendation (Doc. 23) and **GRANTS** Plaintiff's Motion for Default Judgment (Doc. 15).

The Court further **FINDS** as follows:

AARON FLOTTE ACOSTA executed and delivered to Gateway Mortgage Group, a division of Gateway First Bank, a promissory Note in the principal amount of $185,919.00, dated December 16, 2020.

Concurrently with the execution of and to secure the Note, AARON FLOTTE ACOSTA executed a Deed of Trust granting a lien on the Property, described above, which Deed of Trust was recorded December 17, 2020, as Instrument No. 2020-24171 of the Official Public Records of Ector, Texas.

AARON FLOTTE ACOSTA, executed a Loan Modification Agreement recorded on June 13, 2023, as Instrument Number 2023-00009956 of the Official Public Records of Ector County, Texas.

AARON FLOTTE ACOSTA then executed a second Loan Modification Agreement recorded on August 6, 2024, as Instrument Number 2024-00013746 of the Official Public Records of Ector County, Texas.

Plaintiff is currently the holder of the Note and beneficiary of the Deed of Trust, by way of endorsements on the Note and a valid chain of assignments, the last of which was duly recorded on October 4, 2024, as Instrument No. 2024-00017827 in the Official Public Records of Ector County, Texas.

The loan servicing records show that the loan has been in default since September 1, 2024, and the loan was accelerated and the total balance is now due. The total amount due

and owing on the loan as of December 12, 2025, is $184,840.76, plus prejudgment interest at the per annum rate of 4.500% until the date of judgment.

AARON FLOTTE ACOSTA is obligated for the amounts due under the terms of the loan agreement and have defaulted by failing to make payments when due, the requisite notices to cure the default have been provided, the default has not been cured and the maturity of the debt has been accelerated in accordance with the Deed of Trust, Texas Property Code 51.002 and applicable law. Post-judgment interest shall accrue on the balance at the applicable statutory rate. All conditions precedent to foreclosure have been accomplished.

Plaintiff filed this lawsuit to foreclose its security interest against the Property due to the material default in payment of the indebtedness secured by the Property in the case styled *Carrington Mortgage Services, LLC v. Aaron Flotte Acosta, Secretary of Housing and Urban Development and Does 1 Through 20, Inclusive*; No. B25010084CV, in the 161st District Court of Ector Court, Texas (the "State Court Action").

Defendant Secretary of Housing and Urban Development filed a Notice of Removal on March 20, 2025.

AARON FLOTTE ACOSTA was personally served with process on March 4, 2025. The Return of Service was filed with this Court on April 18, 2025. Defendant AARON FLOTTE ACOSTA has not filed an answer or any pleading constituting an answer and has not entered an appearance.

The United States of America on behalf of the Department of Housing and Urban Development was served with process on March 5, 2025. The United States filed its

Removal and on April 25, 2025, the Court entered a Consent Order stating that the "relief sought by Plaintiff in its Petition as against the United States was granted to the extent set forth in the Consent Order." *See* Consent Order at 2. In the Consent Order, the United States indicated it "does not oppose the Court entering judgment in favor of Plaintiff and ordering the Property sold at public sale." *Id.* at 1. Plaintiff incorporates the Consent Order, herein, by reference.

The Clerk of Court entered a default judgement against Defendant AARON FLOTTE ACOSTA on October 29, 2025.

It is therefore **ORDERED, ADJUDGED, and DECREED** that:

1.  Plaintiff recover the amount under the loan agreement with a foreclosure of the loan agreement against the Property and that an order of sale shall issue to any sheriff or constable within the State of Texas directing him or her to seize and sell the same as under execution, to be paid towards the satisfaction of the Plaintiff.

2.  This judgment shall have all the force and effect of a writ of possession as between the parties to this suit and also as to any person claiming a right in the Property. The sheriff, constable, or other officer executing this judgment for foreclosure sale shall proceed by virtue of such judgment to place the purchaser of the Property sold at the foreclosure sale in possession of the Property within thirty days of the foreclosure sale.

3. All right, title, and interest of AARON FLOTTE ACOSTA, as well as the subordinate lien of the Secretary of Housing and Urban Development in the Property encumbered by the loan agreement is subject to foreclosure.

4. If AARON FLOTTE ACOSTA, within thirty days after entering of the final judgment, fails to pay Plaintiff the full amount due under this judgment, the property shall be sold in accordance with Texas Rule of Civil Procedure 309 at public auction to the highest bidder.

5. The Property be sold at a foreclosure sale, and the United States Marshals in the Western District of Texas are directed and ordered to seize and sell the Property, with the proceeds to be paid toward the satisfaction of the below money judgment awarded to Plaintiff Carrington Mortgage Services, LLC.

6. This judgment SHALL have all the force and effect of a writ of possession as between the parties to this suit and also as to any person claiming a right in the Property. The United States Marshal executing this judgment for foreclosure sale shall proceed by virtue of such judgment to place the purchaser of the Property sold at the foreclosure sale in possession of the Property within thirty days of the foreclosure sale.

7. The sheriff or constable conducting the sale SHALL deduct out of the proceeds of the foreclosure sale its reasonable fees for conducting the sale and SHALL distribute the remaining proceeds in accordance with the terms of the Deed of Trust. If any sales proceeds remain, they shall be distributed then pursuant to the Consent Order between Plaintiff and the Secretary of Housing

and Urban Development and then to inferior lienholders in order of lien priority.

8. Plaintiff is awarded a judgment in the amount of $184,840.76 plus pre-judgment interest at the daily per annum rate of 4.500% until the date of judgment and post-judgment interest at the rate of 3.68% per annum until paid in full.

9. Costs of court are hereby taxed against the party by whom they were incurred.

10. Plaintiff may recover its attorney's fees in the amount of $8,320.00.

11. Plaintiff may recover its costs in the amount of $852.19.

12. All writs and process necessary for the execution and enforcement of this judgment shall be issued by the Clerk of the Court.

13. The Consent Order as to United States of America entered on April 25, 2025, is a Final Judgment and disposes of all claims related to the United States of America. All relief not expressly granted is **DENIED.**

14. This judgment finally disposes of all parties and all claims related to the Property and is appealable.

It is so **ORDERED**.

SIGNED this 28th day of May, 2026.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE